J-S79040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| METTA M. WOODRUFF | : | |
| | : | |
| Appellant | : | No. 1103 EDA 2017 |

Appeal from the PCRA Order March 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1000821-2005

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 19, 2017**

Appellant, Metta M. Woodruff, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied her first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WAS COUNSEL INEFFECTIVE FOR FAILING TO RAISE THE ISSUE OF APPELLANT'S BEING SUBJECT TO AN ILLEGAL MANDATORY MINIMUM SENTENCE?

(Appellant's Brief at 8).

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issue on appeal merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed May 17, 2017, at 3-7) (finding: neither Pennsylvania Supreme Court nor United States Supreme Court has declared ***Alleyne***[2] retroactive to cases in which defendant's judgment of sentence was already final before ***Alleyne*** decision; at time of Appellant's sentencing, Pennsylvania law provided that mandatory minimum sentencing statutes did not violate ***Apprendi***,[3] so long as mandatory minimum sentence did not increase overall penalty for crime beyond statutory maximum;[4] United States Supreme Court decided ***Alleyne*** on June 17, 2013, after Appellant's judgment of sentence was final; if counsel had made ***Apprendi*** challenge at time of Appellant's sentencing, it would have

---

[2] ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[3] ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[4] The trial court sentenced Appellant to a mandatory minimum five years' imprisonment for her aggravated assault conviction, pursuant to 42 Pa.C.S.A. § 9712 (sentences for crimes of violence committed with firearms). The overall sentence did not exceed the statutory maximum. ***See*** 18 Pa.C.S.A. § 2702(b) (grading aggravated assault conviction under subsection (a)(1) as first-degree felony); 18 Pa.C.S.A. § 1103(1) (fixing statutory maximum for first-degree felony at 20 years).

merited no relief;[5] because Appellant's judgment of sentence was already final when Supreme Court announced *Alleyne*, Appellant is not entitled to retroactive application of that decision).[6]  Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2017

_____

[5] This case is distinguishable from *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa.Super. 2015) (holding counsel was ineffective for allowing defendant to plead guilty to offense subject to mandatory minimum sentence where *Alleyne* was decided **prior** to defendant's guilty plea and sentencing, so counsel was on notice that legality of mandatory sentencing schemes was questionable).

[6] In its conclusion paragraph, the PCRA court states it denied relief after review of the applicable case law, **testimony**, and statutes.  We clarify that the PCRA court did not hold an evidentiary hearing prior to denying PCRA relief in this case.

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH : CP-51-CR-1000821-2005

:

**FILED**

vs.

**MAY 17 2017**

Office of Judicial Records
Appeals/Post Trial

METTA WOODRUFF



CP-51-CR-1000821-2005 Comm. v Woodruff, Metta
Opinion

**SUPERIOR COURT
1103 EDA 2017**

7947453231

BRINKLEY, J. **MAY 17, 2017**

**OPINION**

Defendant Metta Woodruff filed a petition for relief pursuant to the Post-Conviction

Relief Act, 42 Pa.C.S.A. § 9541 et seq. (eff. Jan. 16, 1996), raising a claim of ineffective

assistance of counsel and the retroactive application of a newly announced constitutional right.

After independent review of Defendant's *pro se* petition, PCRA counsel's amended petition and

second amended petition, the Commonwealth's Motion to Dismiss, and 907 Notice having been

sent and no further reply received from Defendant, this Court dismissed Defendant's petition

without a hearing based upon a lack of merit. Defendant appealed the dismissal of her petition to

the Superior Court. The sole issue addressed in this Opinion is whether this Court properly

dismissed Defendant's petition without a hearing based upon a lack of merit. This Court's

decision should be affirmed.

**PROCEDURAL HISTORY AND FACTS**

On July 22, 2005, Defendant shot and paralyzed Maurice Price following an argument.

On September 24, 2007, following a jury trial before the Honorable John. J. Poserina, Jr.,

1

Defendant was found guilty of aggravated assault, recklessly endangering another person (REAP), and possession of an instrument of crime (PIC). On November 13, 2007, Judge Poserina granted defense counsel's motion for a new trial. On December 13, 2007, the Commonwealth appealed the grant of a new trial. On August 7, 2009, the Superior Court reversed and remanded the case for sentencing. On May 28, 2010, this Court[1] sentenced Defendant to a mandatory minimum sentence of 5 to 10 years' state incarceration on the aggravated assault charge plus 20 to 40 months' state incarceration on the PIC charge, to run consecutive to the sentence imposed on the aggravated assault charge. Defendant did not file a direct appeal of her sentence.

On March 7, 2011, Defendant filed a *pro se* petition for relief pursuant to the PCRA. On March 6, 2012, David S. Rudenstein, Esq., was appointed as PCRA counsel. On September 9, 2013, Defendant filed a *pro se* motion for withdrawal of counsel. On July 28, 2015, this Court granted Defendant's motion to withdraw counsel. On that same day, J. Matthew Wolfe, Esq., was appointed as PCRA counsel. On October 2, 2015, Mr. Wolfe filed an amended petition, raising claims of ineffective assistance of counsel and the retroactive application of a constitutional right based upon the United States Supreme Court's holding in Alleyne v. United States. *See* Alleyne v United States, 570 U.S. 99, 133 S. Ct. 2151 (2013).

On January 28, 2016, the Commonwealth filed a Motion to Dismiss, arguing that Defendant's judgment of sentence had become final by the time of the Court's decision in Alleyne and that neither the United States Supreme Court nor the Pennsylvania Supreme Court had held that Alleyne applied retroactively to cases in which the judgment of sentence had become final. On January 20, 2017, Mr. Wolfe filed a second amended petition to address the

---

[1] This matter was reassigned to this Court following Judge Poserina's retirement.

2

effect that the Pennsylvania Supreme Court's holding in Commonwealth v. Washington had upon Defendant's petition. *See* Commonwealth v. Washington, 142 A.3d 810 (Pa. 2016). In this second amended petition, Mr. Wolfe argued that, rather than seeking retroactive application of Alleyne's holding, he was arguing that trial counsel was ineffective for failing to raise a challenge to the sentence based upon the United States Supreme Court's holding in the related case of Apprendi v. New Jersey. *See* Apprendi v. New Jersey, 530 U.S. 466 (2000).

On February 27, 2017, this Court sent Defendant a 907 Notice, indicating that her petition would be dismissed based upon a lack of merit. Defendant did not reply to the 907 Notice. On March 27, 2017, following independent review of Defendant's *pro se* petition, PCRA counsel's first and second amended petitions, the Commonwealth's motion to dismiss, and 907 Notice having been sent and no reply received from Defendant, this Court dismissed Defendant's petition without a hearing based upon a lack of merit. On March 30, 2017, Defendant appealed the dismissal of her petition to the Superior Court.

## ISSUES

I.  **WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING BASED UPON A LACK OF MERIT.**

## DISCUSSION

I.  **THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING BASED UPON A LACK OF MERIT.**

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA

3

court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

In Apprendi v. New Jersey, the United States Supreme Court held that, other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Commonwealth v. Johnson, 2006 PA Super 265, 910 A.2d 60, 67 (2006) (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). In Harris v. United States, the United States Supreme Court declined to extend Apprendi's holding to mandatory minimum sentences. Commonwealth v. Kleinicke, 2006 PA Super 48, 895 A.2d 562, 570 (2006) (citing Harris v. United States, 536 U.S. 545 (2002)). In Commonwealth v. Kleinicke, the Superior Court held that Pennsylvania's mandatory minimum sentencing scheme did not violate Apprendi's holding as the imposition of a mandatory minimum sentence did not increase the penalty for the crime beyond the statutory maximum. Id. at 574-75. In Alleyne v. United States, the United States Supreme Court overruled Harris and held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. Commonwealth v. Valentine, 101 A.3d, 801, 809 (Pa.Super. 2014) (citing Alleyne v United States, 133 S. Ct. 2151, 2155 (2013)).

Even assuming that Alleyne did announce a new constitutional right, neither the Pennsylvania Supreme Court, nor the United States Supreme Court has held that Alleyne is to be applied retroactively to cases in which the judgment of sentence had become final. Commonwealth v. Washington, 142 A.3d at 819-20 (Pa. 2016) *See also* Commonwealth v.

4

Miller, 2014 PA Super 214, 102 A.3d 988, 994-95 (2014). A new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. Miller, 102 A.3d at 994-95 (citing Commonwealth v. Phillips, 31 A.3d 317, 320 (Pa.Super.2011). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. Miller, 102 A.3d at 993 (citing 42 Pa.C.S.A. § 9545(b)(3)).

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. Commonwealth v. Kelley, 2016 PA Super 64, 136 A.3d 1007, 1012 (2016) (citing Commonwealth v. Poplawski, 852 A.2d 323, 327 (Pa.Super.2004)). Counsel cannot be ineffective for failing to anticipate a change in the law. See Commonwealth v. Spotz, 616 Pa. 164, 47 A.3d 63, 122 (2012).

In the case at bar, Defendant claims that trial counsel was ineffective for failing to challenge the imposition of the mandatory minimum sentence based upon the Supreme Court's holding in Apprendi. This claim is without merit. At the time that Defendant was sentenced, the

5

Superior Court already had addressed a similar claim in <u>Kleinicke</u> and rejected it. The Court's holding in <u>Kleinicke</u> would remain the law in Pennsylvania until the Supreme Court announced its holding in <u>Alleyne</u> on June 17, 2013. Consequently, trial counsel could not have been ineffective for failing to challenge the mandatory minimum sentence imposed in this case as such a claim would have been without merit. Moreover, as the 5 to 10 year mandatory minimum sentence did not increase Defendant's penalty beyond the 20 year statutory maximum for aggravated assault, any challenge to Defendant's sentence based upon <u>Apprendi</u>'s holding would have been meritless. Finally, trial counsel could not have been ineffective for failing to anticipate that the Supreme Court would overrule its holding in <u>Harris</u> only 11 years after it was announced and hold that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. Thus, Defendant's claim of ineffective assistance of counsel was without merit.

Furthermore, as Defendant's judgment of sentence already was final by the time the Supreme Court announced its holding in <u>Alleyne</u>, she is not entitled to the retroactive application of that holding. Defendant's judgment of sentence became final on June 28, 2010, when her ability to file a direct appeal expired. The Supreme Court did not announce its holding in <u>Alleyne</u> until June 17, 2013, almost three years later. As the Pennsylvania Supreme Court made clear in <u>Commonwealth v. Washington</u>, the holding in <u>Alleyne</u> does not apply retroactively to cases on collateral review where the judgment of sentence already had become final, such as Defendant's. Therefore, any claim that Defendant is entitled to the retroactive application of <u>Alleyne</u>'s holding is likewise without merit.

6

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition was properly dismissed based upon a lack of merit. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____ J.

7